OPINION OF THE COURT
Raymond E. Cornelius, J.
The respondent, by motion, seeks to dismiss the petition for modification of a support order.
The petition in the instant proceeding alleges that an order of support was made by Monroe County Family Court, wherein the respondent was found chargeable with the support of his wife and child, but which did not require him to pay any amount as a contribution toward their support. The petition further alleges a change of circumstances, and specifically, that the respondent now possesses means to pay a sum certain toward the liquidation of arrears of $4,150 which sum was reserved to the petitioner by the afore-mentioned order, which was filed on July 26, 1976.
The order of July 26, 1976 was not an original order of support, but rather a modification of a Family Court order made on March 21, 1975, which in turn, had modified an original Family Court Order of Support, made on March 7, 1973. In addition to reducing the required payments of the respondent to "zero”, the order of July 26, 1976 canceled a wage deduction order filed with the respondent’s employer, and directed the support bureau to return to respondent all moneys which it then held. This order was based upon an application made by the respondent, who was then represented by counsel, and based on an assertion that there had been a change of circumstances since the granting of the previous orders which would justify the relief granted. Specifically, the respondent alleged that his wife had remarried and moved to the State of Florida with his child, and furthermore, the public assistance which had been paid to his wife and child had ceased in January, 1976. Also, the respondent stated that he had remarried, and therefore, had assumed additional financial burdens.
The Family Court order of March 21, 1975, which the July 26, 1976 order had modified, was itself a modified order, and *487 directed the respondent to pay the sum of $50 per week to the petitioner by means of a wage deduction order, and reserved arrears in the amount of $4,150. The March 21, 1975 order was based upon a petition, which alleged a violation of the original March 7, 1973 order and made reference to that part of the earlier order which had directed the payment of $50 per week effective March 12, 1973 "for the support and maintenance of his said wife and the aforementioned child. Rights to arrears due and owing reserved.” The petition further stated that as of January 22, 1975, the respondent had paid the sum of $750 on the previous order, leaving arrears in the amount of $4,150 and that the petitioner was currently furnishing public assistance to the respondent’s wife and child in the amount of $300 per month.
The original order of March 7, 1973 found the respondent chargeable with the support of his wife, pursuant to section 412 of the Family Court Act, and his child, pursuant to section 413 of the Family Court Act. The respondent had appeared before the court with counsel, and admitted the allegations of the petition, which asserted that the respondent had refused to support his dependents since March of 1972 and that the petitioner was expending $163.16 per month in public assistance as of that time. Although both the original order and an amended order, which had been filed to correct the name of respondent’s counsel, had directed the payment of $50 per week for the support and maintenance of the wife and child, the record of proceedings indicates that the court directed $25 per week for the wife and $25 per week for the child.
The motion to dismiss the petition in the instant proceeding is based upon the uncontested fact that on February 8, 1973, a divorce decree, granted by the Supreme Court, terminated the marriage between the respondent and his wife. This divorce decree predated the original support order of Family Court, but postdated the petition upon which the support order was based. The divorce decree awarded the respondent’s child to his former wife and incorporated the terms and conditions of a support agreement entered into with his wife on June 14, 1972. Generally, the separation agreement provided the sum of $25 per week for his wife for support and maintenance during her lifetime if she remained unmarried, and $25 per week for the said child up to the age of 21.
In essence, the respondent now maintains that Family *488 Court lacked jurisdiction to grant the original order of support because of the decree of divorce insofar as that order directed support for the wife. In addition, the respondent argues that Family Court lacked jurisdiction on March 7, 1973 to entertain a de novo petition for child support. In support of this latter position, the respondent cites section 466 of the Family Court Act which provides that the Family Court may only enforce or modify a Supreme Court order of support, and therefore, may not entertain an application pursuant to a de novo petition. Also, reference is made to section 462 of the Family Court Act, which directs that any Family Court support order existing at the time of a Supreme Court decree terminates upon the issuance of such a decree, when the latter contains provision for support.
It is quite apparent from the recitation of the above facts that respondent’s marriage to his former wife had been terminated by divorce decree at the time of the original Family Court order of support in March of 1973. There is no authority in the law for liability to support someone who is no longer a husband or wife because of termination of the marriage, and who is on public assistance at the time of the filing of the petition. (Social Services Law, § 101, subd 1; Mellen v Mellen 46 AD2d 790; Matter of Reed v Thompson 77 Misc 2d 1018.) Therefore, Family Court at the time of the original order in March of 1973, did not have jurisdiction to grant an order of support for the respondent’s ex-wife, and, to that extent, the order is invalid. It might be argued that the respondent’s appearance with counsel and admissions, both at the time of the original order and subsequent violation proceedings, should prevent him from asserting any such defense in the pending violation proceeding. However, based upon the lack of jurisdiction to render the order in the first instance, the court hereby relieves the respondent from the terms of the original order and subsequent orders insofar as they require the respondent to contribute toward the support of his former wife. (CPLR 5015, subd [a], par 4.)
The motion to dismiss the petition insofar as it relates to child support, however, must be denied. As a general rule, a Family Court order requiring child support terminates when the Supreme Court makes an order of support in an action for divorce. (Family Ct Act § 462.) Here, of course, the decree of divorce, which made provision for child support, was in effect prior to the Family Court order of March 21, 1975. Thus, the *489 Family Court would not ordinarily have jurisdiction to entertain a de novo petition for child support but, rather, be limited to the enforcement or modification of the Supreme Court decree. (Family Ct Act, §§ 461, 466.)
The above-cited sections of the Family Court Act would serve to render the original Family Court order invalid if the parties were the same parties in interest as in the divorce proceeding. However, the petitioner in the instant violation proceeding and all previous proceedings in Family Court, including the original petition, is the Director of the Monroe County Department of Social Services, and therefore, he cannot, as a matter of law, enforce the support provisions of the divorce decree. (Family Ct Act; § 422, subd [b].)
Section 422 of the Family Court Act and section 102 of the Social Services Law authorize the director, as a social services official, to originate this proceeding in his own right, which arises from a statutory duty to support certain named dependents receiving public assistance. (Social Services Law, § 101.) There is no indication in the record that the director is bringing this petition under an assignment of any rights of the child and/or ex-wife, and indeed, the original petition, as already mentioned, predated the duty to support imposed by the divorce decree.
Aside from the fact that the director was not a party to the divorce proceeding, and therefore, could not seek enforcement or modification of same, the duty of support owed to a spouse and/or child under common law and the provisions of the Family Court Act is different in basis from the duty to contribute toward the support of certain named dependents who may be receiving public assistance. The purpose of the latter duty, as embodied in the provisions of the Social Services Law, is to reimburse government for public moneys expended to support the named dependents. Indeed, although the Family Court Act provides that a person in need of public assistance or care may originate a proceeding, the liability of a respondent is limited to those cases where the relief is sought by a welfare officer. (Social Services Law, § 101, subd 2; 19 Carmody-Wait 2d, § 119.2, pp 561-562.)
This statutory duty to make reimbursement for the expenditure of public funds to support a child under the age of 21 years is illustrated by a relatively recent decision in Matter of Sevrie v Sevrie (90 Misc 2d 321). In that case, respondent’s marriage had been terminated by a divorce decree, which *490 directed him to pay $10 per week in support for an infant child of the marriage. The respondent failed to pay for more than a decade, and eventually, the child moved from her mother’s home, where she had resided pursuant to the provisions of the divorce decree, and had a child of her own. Before she reached 21 years of age, the child moved back to the mother’s home and the Rensselaer County Family Court made a finding that she was not emancipated at the time the petition was filed. Although the court, in its discretion, did not require the respondent to pay any amount to the local public welfare officer, who was expending public assistance to the child, the court nonetheless stated that it had authority to do so until the age of majority.
Based upon the court records, referred to above, the allocation of support between the former wife and the child can be determined. This matter should proceed to a fact-finding hearing on the issue of whether or not the respondent has violated the Family Court order with respect to the child, and the amount of the arrears reserved by the previous orders of this court is hereby reduced by one-half to $2,075. This case is referred back to the trial calendar.