■ ELIZABETH MELNITZKY, Respondent, v MICHAEL MELNITZKY, Appellant. [726 NYS2d 649] —Judgment, Supreme Court, New York County (Emily Goodman, J.), entered June 30, 1998, which, in this matrimonial action, awarded plaintiff wife attorneys' fees of $19,400, and judgment, same court (Walter Tolub, J.), entered November 18, 1999, which, after a nonjury trial, *inter alia*, distributed the marital assets, unanimously affirmed, without costs.

Given the disparity between the resources available to each

of the parties, as demonstrated by the evidence of record, and defendant husband's insistence on litigating matters in which the merit of his position was dubious at best, the award of attorneys' fees to plaintiff wife was appropriate. A party in matrimonial litigation, such as plaintiff, who has finite assets and a relatively modest income, should not be required to spend down a substantial portion of her assets to qualify for an award of legal fees (*see, Charpie v Charpie*, 271 AD2d 169, 171).

Defendant's contention that the trial court did not permit him to establish that the assets located in numerous safe deposit boxes were his separate, pre-marital property is belied by the record. Indeed, defendant, over a period of years attempted to prevent the inventory of the subject safe deposit boxes and did not see fit to present the trial court with the evidence he claims demonstrates that the property at issue is his separate, pre-marital property until after the conclusion of the trial of the financial issues raised by the parties' divorce. Under all the circumstances, the trial court properly rejected defendant's late proffer and found that defendant had not met his burden to establish that the disputed property in the safe deposit boxes was his, and not properly part of the marital estate (*see, Pullman v Pullman*, 176 AD2d 113, 114). The trial court's determination to award plaintiff half of the marital assets was appropriate in view of the court's consideration of the various relevant factors set forth in Domestic Relations Law § 236 (B) (5) (d), and defendant's attempts at secreting assets (*see, Maharam v Maharam*, 245 AD2d 94).

Our review of the record discloses that defendant's claims of judicial bias against him are unfounded.

We have reviewed defendant's remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Andrias and Marlow, JJ.