■ PAUL S. MAYER, Appellant, v COLLEEN F. MAYER, Respondent. [736 NYS2d 887] —In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Orange County (Williams, J.H.O.), entered November 3, 2000, as (1) directed him to pay the defendant wife $3,900 per month in child support, (2) directed him to pay 100% of the children's unreimbursed medical, pharmaceutical, optical, dental, orthodontic, therapeutic, and care expenses, and (3) directed him to pay to the defendant wife the principal sum of $23,009.74 in arrears in maintenance and child support.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly awarded child support pursuant to Domestic Relations Law § 240 (1-b) (k). The plaintiff presented insufficient evidence to determine his gross income and, as a result, the Supreme Court properly awarded child support based on the "needs" and "standard of living" of the children (*Kay v Kay,* 37 NY2d 632, 636; Domestic Relations Law § 240 [1-b] [k]). For the same reason, the Supreme Court properly directed the plaintiff to pay 100% of the children's unreimbursed medical, pharmaceutical, optical, dental, orthodontic, therapeutic, and care expenses.

Based on the meticulous records kept by the defendant of the payments she made on behalf of herself and the children during the pendency of this action, and the corresponding lack of any records kept by the plaintiff, the Supreme Court properly awarded the defendant the full requested amount of retroactive arrears. Florio, J.P., Smith, McGinity and Crane, JJ., concur.