■ RUBEN ACOSTA, Appellant, v FLORA ACOSTA, Respondent. [753 NYS2d 506] —Judgment, Supreme Court, New York County (Marjory Fields, J.), entered October 24, 2001, which, after a nonjury trial, inter alia, awarded the defendant a 50% interest in the appreciation of plaintiff's separate property, rehabilitative maintenance for four years, exclusive occupancy of the marital residence until the parties' son reaches the age of 18, and counsel fees, unanimously affirmed, without costs.

Based on the trial court's finding of credibility, the award to the wife of half the appreciation of the husband's separate property was appropriate. Contrary to the husband's self-serving and conclusory testimony, the increases in value were the result, at least in part, of the husband's efforts at repair and renovation and his long hours at his hardware store business, rather than market forces. The wife made a direct contribution through her labor, acting as the unpaid superintendent and janitor of one of the buildings and otherwise assisting the husband with respect to the husband's business in another, and her contribution by homemaking and child caring (see Hartog v Hartog, 85 NY2d 36, 45-46; Spencer v Spencer, 230 AD2d 645, 647).

The trial court properly exercised its discretion in awarding the wife exclusive possession of the entire building in which the marital residence was located, since she is the custodial parent of the parties' young child, as well as the caregiver of several others, including the husband's offspring by another marriage. We note as well that the husband purposefully left the other apartments in the building vacant, and did not even attempt to carry his burden of establishing that he is in immediate need of the property or its proceeds, that comparable housing is available in the same area at a lower cost or that the parties are financially incapable of maintaining the property (see Mazzone v Mazzone, 290 AD2d 495, 496).

The award of limited and relatively modest rehabilitative maintenance was also a proper exercise of discretion. Given the period of the wife's professional inactivity, the loss of her day care license because the husband did not want her to work and her custody of the parties' young child, it would not be reasonable to expect her in the near term to be able to support herself in a lifestyle approximating that which she enjoyed during the marriage (see Atweh v Hashem, 284 AD2d 216, 217). The duration of the marriage, six years until the husband filed for divorce, does not compel a different result (see Allen v Allen, 275 AD2d 225, 226-227, lv denied 96 NY2d 708). The amount of the award is further justified by the husband's lack of candor with respect to his income and his lack of cooperation in discovery and in the appraisal of his assets.

For a similar reason, namely, the insufficient evidence to determine the husband's gross income, it was appropriate to award child support based on the child's "needs" or "standard of living" pursuant to Domestic Relations Law § 240 (1-b) (k), rather than under the formula in section 240 (1-b) (c) (see Mayer v Mayer, 291 AD2d 384).

The visitation award was based on the reports of the guardian ad litem, the therapist and the court's assessment that the husband's testimony was "unconvincing and contradictory" with respect to several critical matters, and we perceive no reason to disturb it.

Finally, the award of modest counsel fees was a provident exercise of discretion (*see O'Brien v O'Brien*, 66 NY2d 576, 590), properly taking into account the disparity in the parties' economic positions (*see Melnitzky v Melnitzky*, 284 AD2d 240). Moreover, the husband failed to set forth particularized challenges to the bills (*see Banco do Estado de Sao Paolo v Mendes Jr. Intl. Co.*, 249 AD2d 137, 139).

We have considered appellant's other contentions and find them unavailing. Concur—Andrias, J.P., Ellerin, Lerner and Marlow, JJ.