■ MADELINE P. KONIGSBERG, Respondent, v ALAN J. KONIGSBERG, Appellant. [770 NYS2d 322]—

Judgment, Supreme Court, New York County (Marian Lewis, Special Ref.), entered January 3, 2003, which, inter alia, awarded plaintiff wife (1) lifetime maintenance, (2) a 50% interest in all marital assets, including defendant husband's law firm, (3) $120,000 in counsel fees, and (4) 100% of her own pen-

sion; and directed defendant to maintain life insurance in the amount of $1,000,000 in order to secure his financial obligations, modified, on the law and the facts, to reduce the amount of life insurance required from $1,000,000 to $333,000 after December 31, 2006, and to apportion the marital portion of plaintiff's pension 50% to plaintiff and 50% to defendant, and except as so modified, affirmed, without costs.

In view of the Special Referee's determination that plaintiff was incapable of becoming self-supporting at a level roughly commensurate with the marital standard, the award of lifetime maintenance was appropriate even though plaintiff worked throughout the marriage (*Summer v Summer*, 85 NY2d 1014, 1016 [1995]).

The Special Referee properly determined that there was no reason to distinguish between defendant's interest in the law firm established during the marriage and other equitable distribution assets. Given the length of the marriage and plaintiff's substantial contributions to it, the award of a 50% share in defendant's interest in the firm was warranted (*Anonymous v Anonymous,* 222 AD2d 305 [1995]; *Grunfeld v Grunfeld,* 255 AD2d 12, 17 [1999], *mod on other grounds* 94 NY2d 696 [2000]).

The award of counsel fees was an appropriate exercise of discretion (*see O'Brien v O'Brien,* 66 NY2d 576, 590 [1985]), properly taking into account the disparity in the parties' economic positions (*see Melnitzky v Melnitzky,* 284 AD2d 240 [2001]; *Acosta v Acosta,* 301 AD2d 467, 469 [2003], *lv denied* 100 NY2d 504 [2003]).

However, since defendant's continuing financial obligation to plaintiff will be reduced from $12,000 to $4,000 per month in maintenance beginning in 2007, the amount of life insurance he is required to carry to secure the continuation of that support should be reduced proportionately from $1,000,000 to $333,000.

In addition, there appears to be no substantial rationale for the determination that plaintiff should retain 100% of her New York State pension, while all the other marital assets, including defendant's pension and law-firm interest, are equally divided. Therefore, the marital portion of plaintiff's pension should be apportioned 50% for plaintiff and 50% for defendant. Concur— Nardelli, J.P., Sullivan, Rosenberger and Lerner, JJ.

Mazzarelli, J., dissents in part in a memorandum as follows: I disagree with the majority's determination to divide the marital portion of plaintiff's New York State pension, and would affirm the Special Referee's determination to distribute 100% of this asset to her. The court explicitly stated that its determination to allow plaintiff to retain the marital portion of her pension, the

yearly income from which it valued at approximately $33,000, was considered in connection with the 67% decrease in her monthly maintenance income, which will occur in 2007. In these circumstances, I would find that allowing plaintiff to retain her pension is integral to the equitable distribution of the marital assets.

However, I agree with my colleagues that defendant should have a reduced obligation to maintain life insurance in 2007, commensurate with his reduced maintenance obligation from $12,000 to $4,000.