■ Sofia Amsellem, Respondent, v Jacques Amsellem, Appellant. [789 NYS2d 733]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Ross, J.), entered August 14, 2003, as directed him to pay the plaintiff $744.42 in weekly child support, retroactive to the date of service of the pleadings, to obtain health and life insurance for the benefit of the parties' five children, and to pay the sum of $10,000 to the plaintiff pursuant to the parties' prenuptial agreement.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Where the defendant presented insufficient evidence to

determine his gross income, the Supreme Court properly awarded child support based on the "needs" and "standard of living" of the children (Domestic Relations Law § 240 [1-b] [k]; *Kay v Kay,* 37 NY2d 632, 636 [1975]; *Acosta v Acosta,* 301 AD2d 467, 468 [2003]; *Mayer v Mayer,* 291 AD2d 384, 385 [2002]). The child support award was directed to be retroactive to the date of the initial service of the pleadings based, in part, on the inadequacy of the pendente lite award (*see Mayer v Mayer, supra; Nolfo v Nolfo,* 188 AD2d 451, 453 [1992]). The order of the Supreme Court superseded the pendente lite order of the Family Court (*see* Family Ct Act § 462; *Matter of Russo v Rizzo,* 96 Misc 2d 485, 488 [1978]).

The Supreme Court was authorized by statute to direct that health and life insurance be maintained for the benefit of the children (*see* Domestic Relations Law § 236 [B] [8] [a]; *see also Mayer v Mayer, supra; Matter of Ciccone v Ciccone,* 287 AD2d 563 [2001]).

The Supreme Court properly directed payment of $10,000 to the plaintiff pursuant to the parties' prenuptial agreement (*see Rubin v Rubin,* 262 AD2d 390, 391 [1999]).

The defendant's remaining contentions are without merit. Santucci, J.P., Krausman, Mastro and Skelos, JJ., concur.