■ SUSAN SMULCZESKI, Appellant, v RICHARD SMULCZESKI, Respondent. [797 NYS2d 97]—In an action for a divorce and ancillary relief, the plaintiff appeals (1), as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated October 22, 2003, which, after a nonjury trial, inter alia, awarded the defendant sole custody of the parties' two children, and awarded her only 40% of the marital property, and (2) from an order of the same court dated October 22, 2003, which, after a hearing, denied her oral application for an award of an attorney's fee.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the judgment and the order are affirmed, without costs or disbursements.

Following an extensive trial, the Supreme Court issued a lengthy, detailed decision which, inter alia, evaluated the pertinent evidence and thoroughly analyzed pertinent factors regarding the best interests of the children (*see* Domestic Relations Law § 70; *Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89 [1982]). The record supports the Supreme Court's conclusion that awarding the defendant custody of the parties' two children was in the best interest of the children, and we decline to disturb it. We note that there is presently, inter alia, an application by the plaintiff before the Family Court for a change of custody based on the circumstances arising after the judgment and order appealed from were issued. Our decision and order relate only to the period prior to that time.

The record supports the Supreme Court's division of the marital property. The court "has great flexibility in fashioning an equitable distribution of marital assets" (*Niland v Niland*, 291 AD2d 876, 877 [2002] [internal quotation marks omitted]). The Supreme Court considered the pertinent statutory factors (*see* Domestic Relations Law § 236 [B] [5] [d] [6]) and we conclude that its division of the marital property was appropriate.

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Rivera, Spolzino and Skelos, JJ., concur.