Matter of Mayer v Mayer (2006 NY Slip Op 50854(U))

[*1]

Matter of Mayer v Mayer

2006 NY Slip Op 50854(U) [12 Misc 3d 1151(A)]

Decided on May 10, 2006

Family Court, Orange County

Bivona, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 10, 2006

Family Court, Orange County
In the Matter of a Proceeding Under Article 6 of the Family Court Act. Colleen Mayer, Petitioner,
against
Paul S. Mayer, Respondent.
XXXX2006

Andrew P. Bivona, J.
This is an application by the petitioner to find the respondent in willful violation of his support orders. The application was brought on by way of Order to Show Cause returnable in this Court on March 24, 2006. The matter came on for trial before the undersigned on April 17, 2006 and was continued on April 18, 2006. The petitioner appeared personally and by her attorney, Sheila Callahan O'Donnell, Esq., and the respondent appeared personally and by his attorney Michael S. Meth, Esq. In reaching its decision, the Court has considered the proofs and testimony offered at the hearing as well as the contents of the Court's file.
NOW, after examination and inquiry into the facts and circumstances of the case and after hearing the proofs and testimony offered in relation thereto; it is hereby
Ordered that the respondent is found in willful violation of the order of support and the petitioner is granted a judgment in the amount of $74,106.96, plus A.'s tuition, room and board for the Spring 2006 semester; that judgment is directed to be executed against the respondent's 401K plan for the support arrears; the respondent is ordered to provide life insurance for the subject children as set forth below; and the respondent is sentenced to thirty days in the Orange County Jail as set forth below.
The petition seeks to have the respondent found in wilful violation of the support provisions of the Judgment of Divorce which required the respondent to: (1) pay child support in the amount of $3,250.00 per month (reduced from $3,900.00 as set in the Judgment); (2) maintain a life insurance policy for the benefit of the two children of the marriage (A. and M.); (3) pay his daughter's college tuition; and (4) for an award counsel fees.
This case has had an extensive history before this Court which warrants review. The parties were divorced by Judgment dated October 23, 2000. By the terms of the Judgment, [*2]petitioner was obligated to pay $3,900.00 per month for child support for the parties' two children and $625.00 per month for spousal maintenance. On May 1, 2002, Dr. Mayer filed a petition in the Family Court requesting a downward modification of child support based on the loss of his medical license. After hearing, the Support Magistrate determined that the loss of the medical license had occurred prior to the entry of the divorce decree and therefore by Decision & Order dated September 17, 2002, the application was denied. The petitioner objected and this Court denied the Objection by Decision and Order dated April 28, 2003 as Dr. Mayer had failed to comply with the requirements of Family Court Act §424-a which sets forth the mandatory financial disclosure provisions for support proceedings.
On September 26, 2002, Dr. Mayer filed another petition requesting a downward modification of support because he had lost an eye due to illness. Based on the evidence adduced at that hearing, by Decision & Order dated June 3, 2004, the Support Magistrate imputed an income amount to the petitioner and reduced his child support order to $3,250.00 per month from $3,900.00 per month. Dr. Mayer also objected to this Order and by this Court's Decision and Order dated October 23, 2003 the Objection was denied. Recited in that decision is the fact that Dr. Mayer also possessed substantial assets consisting of real property and a printing business.
On March 12, 2004, Dr. Mayer filed another petition seeking a downward modification of the support order based, first, on the loss of his medical license, and second, on his stated income of $2,000.00 per month in his new employment as a stock broker for Oppenheimer & Co., Inc. Mrs. Mayer filed a motion to dismiss that petition arguing that the loss of medical license issue had already been decided and, in essence, that the petition did not make out a prima facie case as to the new income. By Decision and Order dated August 17, 2004, the Support Magistrate granted the motion. The petitioner objected and by Decision and Order dated October 14, 2004, that Objection was granted to the limited extent of remanding the matter to the Support Magistrate to determine if Dr. Mayer was entitled to a downward modification based on the new employment as the issue regarding the loss of his medical license had previously been decided.
Also, as part of its October 14, 2004 Decision and Order, the Court noted: "While Dr. Mayer has filed some of the requisite financial disclosure pursuant to Family Court Act §424-a, he is admonished to update and complete same prior to the hearing which will be scheduled before a Support Magistrate." After the hearing on remand wherein his application for a downward modification was denied by Decision and Order dated September 22, 2005, Dr. Mayer again objected. In its February 10, 2006 Decision and Order denying the Objection, the Court noted that Dr. Mayer's financial disclosure affidavit did not disclose that he sold two pieces of property in the preceding three years totaling $735,000.00 nor did it disclose that he transferred his residence to an irrevocable trust whose beneficiaries are his current wife and twin sons who were born in February, 2000 [FN1]. Additionally, Dr. Mayer's statement of net worth did not have attached to it the most recently filed state and federal income tax returns for either 2003 [*3]or 2004.
While Dr. Mayer has divested himself of most of his assets, he still maintains a 401K plan worth $623,459.00 (Transcript of February 23, 2005 hearing before the Support Magistrate, p. 42). He also has $400.00 per month deducted from his paycheck for a 401K contribution. As noted in the Support Magistrate's Decision and Order, Dr. Mayer took numerous vacations in 2004, and had a live-in nanny for his infant twin sons even though his wife was not working outside of the home. Additionally, his current wife then drove a new Chevrolet Trailblazer. In short, Dr. Mayer's lifestyle belied his $2,000.00 per month income that he wanted the Court to utilize in granting his application for a downward modification of child support. Based on the lack of compliance with the financial disclosure provisions of Family Court Act §424-a(1), the petitioner's lifestyle, and for the reasons set forth in the Decision and Order of the Support Magistrate, this Court denied Dr. Mayer's Objection to that Decision and Order.
In the instant violation proceeding Dr. Mayer testified that he now makes $3,000.00 per month working as a stockbroker at Oppenheimer & Co, Inc. The testimony of the Support Collection Unit worker at the willfulness hearing was uncontested that Dr. Mayer is in arrears $79,645.98 for child support plus the tuition and room and board for A.'s second semester in college as he is obligated to do under the parties' Judgment of Divorce nor is he currently maintaining a million dollar life insurance policy as he was also required to under the divorce judgment. While he testified at the hearing before the undersigned that he had paid one semester of A.'s tuition at the University of Massachusetts in the amount of $7,935.00, the Court notes that he claimed he paid $14,387.00 for income tax purposes (New York State College Tuition Credit, IT-272, Exhibit D in evidence). The petitioner arranged to pay the second semester after Dr. Mayer refused to and this amount must be added to the child support arrears. The petitioner is directed to submit a copy of the paid receipt for A.'s second semester tuition, room and board with her proposed Judgment and to include that amount in the Judgment arrears.
In setting an order of child support it is clear that the court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential (Kay v Kay, 37 NY2d 632, 376 NYS2d 443[1975]; Denham v Kaplan, 291 AD2d 384; 736 NYS2d 887 [Second Department, 2005]). Dr. Mayer has left the courts no alternative but to apply that rule of law as he has continuously not complied with the mandatory financial disclosure provisions of Family Court Act §424-a by either not filing the requisite forms or by failing to disclose sales of assets. It is apparent that Dr. Mayer has set a pattern of first, shielding his true income from inspection and second, divesting himself of assets in order to avoid his child support obligations.[FN2] At this point the only asset still in Dr. Mayer's name is the aforementioned 401K account.
[*4]
Dr. Mayer argues that the petitioner cannot reach his 401K account under the case of Price v Palagonia, 212 AD2d 765, 623 NYS2d 269 (Second Department, 1995). That case, followed the Court of Appeals decision in Sochor v International Business Machines Corp., 60 NY2d 254; 469 NYS2d 591 (1983), which held that the ex-wife of a judgment debtor could not reach his pension plan to collect support arrears where the judgment debtor had not yet reached retirement age and had not applied for benefits under his pension plan. However, in 1997 the State Legislature amended the Civil Practice Law and Rules §5205(c) by adding subsection 4 [FN3] which provides:

"This subdivision shall not impair any rights an individual has under a qualified domestic relations order as that term is defined in section 414(p) of the United States Internal Revenue Code of 1986, as amended or under any order of support, alimony or maintenance of any court of competent jurisdiction to enforce arrears/past due support whether or not such arrears/past due support have been reduced to a money judgment."
Accordingly, Price v Palagonia is no longer applicable and the petitioner can collect arrears and past due support in the amount of the Judgment from Dr. Mayer's 401K plan.
Dr. Mayer also argues that §5205(d) of the Civil Practice Law and Rules prohibits an income execution against his 401K account. However this reliance is misplaced. That section prevents levy upon the child support payments by a payee's judgment creditor (Balanoff v Niosi, 16 AD3d 53; 791 NYS2d 553 {16 AD3d 53} (Second Department, 2005), not the payor of the child support order.
Last, Ms. Mayer seeks enforcement of that provision of the Judgment which required Dr. Mayer to maintain a $1,000,000.00 life insurance policy for the benefit of the children until his child support obligation is terminated. At the hearing Ms. Mayer testified as to life insurance policies worth over $750,000.00 which have various beneficiaries including the adult children from Dr. Mayer's first marriage, his current wife, the twin boys and A. and M.. Dr. Mayer admitted that he let the $1,000,000.00 policy lapse in 2005 saying he could no longer afford it. There was also testimony that he could not obtain another policy in that amount because of his medical history.
As noted, Dr. Mayer was granted a downward modification by Order dated June 3, 2004, based on having lost one eye as a result of cancer. However, while the loss of his eye would have impaired his ability as a physician, he had already lost his medical license as a result of his own wrong doing. There were many other avenues by which this well educated man could make a substantial living and it is clear that his standard of living has not been impaired. Additionally, he has a pattern of refusing to disclose his true financial status as well as of divesting his assets. Accordingly, the Court finds him in willful violation of the support order as well as the life insurance provisions of the Judgment of Divorce. As of this date the Court has been informed that there was a payment to the Support Collection Unit from a levy on the Federal Tax refund [*5]which has reduced the arrears from $79,645.98, to $74,106.96. Therefore the Court grants Judgment in the amount of $74,106.96 plus A.'s tuition, room and board, as set forth above.
The Court also finds Dr. Mayer in willful violation of the provision of the Judgment of Divorce which required him to maintain the life insurance policy. The Court directs that Dr. Mayer either obtain a new policy in the requisite amount or that he change all the beneficiaries on his existing policies to name A. and M. as the sole beneficiaries. This includes those policies which currently do not have named beneficiaries. Dr. Mayer is to file proof of same within sixty (60) days of the date of this decision with Mrs. Mayer's attorney.
Additionally, the Court will sentence Dr. Mayer to thirty (30) days in the Orange County Jail. Said sentence is suspended upon his faithful compliance with this Order, the current support order and all aspects of his financial responsibilities to A. and M. including payment of tuition, room and board and proof of life insurance as set forth herein. No support payment is to be more than 10 days late. If any support payment is more than 10 days late, the Support Collection Unit is directed to submit an Order of Commitment on notice to Dr. Mayer.
As regards the application for counsel fees, same are mandatory when there is a finding of a willful violation of a support order. However, the application must be made in the proper form and is limited to the legal fees only for the violation proceeding. When making an award of counsel fees the Court must examine the following factors:
"The factors to be considered include the parties' ability to pay, the nature and extent of the services rendered, the complexity of the issues involved, and counsel's experience, ability, and reputation. (cites omitted)." Olesh vs. Auerbach, 227 AD2d 406, 642 NYS2d 65.
As there is no affidavit from counsel setting forth these factors, the application is not proper.
Accordingly, the application is denied at this time with leave to renew upon proper papers no
later than sixty (60) days of the date of this Decision and Order.
This constitutes the decision and order of the Court.
Dated: Goshen, NY E N T E R
 May 10, 2006
______________________________
ANDREW P. BIVONA, F.C.J.
To:Sheila Callahan O'Donnell, Esq.
257 Main Street
 P.O. Box 484
Cornwall, NY 12518
Michael Meth, Esq.
111 Main Street
P.O. Box 509
Chester, NY 10918

Footnotes

Footnote 1:At the hearing Dr. Mayer testified he transferred the former marital residence to the trust he created naming his wife and infant twin sons as beneficiaries to protect this asset from a potential malpractice lawsuit.

Footnote 2:The Court notes that Dr. Mayer appealed the initial support order as set in the Judgment of Divorce and the Appellate Division found "The plaintiff presented insufficient evidence to determine his gross income and, as a result, the Supreme Court properly awarded child support based on the needs' and standard of living' of the children (cites omitted). For the same reason, the Supreme properly directed the plaintiff to pay 100% of the children's unreimbursed medical, pharmaceutical, optical, dental, orthodontic, therapeutic, and child care expenses." Mayer v Mayer, 291 AD2d 384, 736 NYS2d 887.

Footnote 3:"L. 1997, ch. 398, §61, eff. Jan. 1, 1998, amended CPLR 5205(c)(4) to provide for reaching such funds to enforce a qualified domestic relations order or other orders of support, alimony or maintenance." New York Civil Practice Law and Rules Redbook, 2006 Edition, p. 52-12, Matthew Bender & Company, Inc., 2005.