■ JUDITH L. RUZICKA, Appellant, v PAUL F. RUZICKA, Respondent. [817 NYS2d 770]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Seibert, Jr., J.), entered August 31, 2005 in Saratoga County, ordering, inter alia, equitable distribution of the parties' marital property, upon a decision of the court.

The sole issue raised on appeal is Supreme Court's decision, in the context of the parties' divorce action, to divide equally all marital assets. This division includes the proceeds of an insurance settlement arising out of a car accident which, although involving both parties, resulted in serious injury to plaintiff only. Plaintiff readily concedes that all of the proceeds of this $240,000 settlement were commingled with marital funds and thus transmuted into marital property (*compare Chamberlain v Chamberlain*, 24 AD3d 589, 593 [2005]).[1] She nevertheless claims that Supreme Court should have granted her a greater than one-half interest in these proceeds by awarding her full legal title to her current residence.[2]

We are unpersuaded by plaintiff's claim that Supreme Court's equitable distribution award constituted an abuse of discretion. Equitable distribution is left to the discretion of Supreme Court, which must examine and explain the statutory factors considered (*see e.g. Smith v Smith*, 8 AD3d 728, 729 [2004]; *Lincourt v Lincourt*, 4 AD3d 666, 666 [2004]). Here, Supreme Court specifically listed the statutory factors which shaped its determination and sufficiently detailed the rationale behind its equitable distribution award. With respect to the settlement proceeds in particular, the court specifically found that they were commingled with marital funds and thereafter spent on marital debt and numerous marital assets, including a vacant lot where the parties built a new home (*compare Solomon v Solomon*, 307 AD2d 558, 560 [2003], *lv denied* 1 NY3d 546 [2003]; *Richmond v Richmond*, 144 AD2d 549 [1988]; *DeMarco v DeMarco*, 143 AD2d 328 [1988]). As noted, plaintiff does not dispute this significant fact.

1. The parties were married in May 1986, the accident occurred in June 1996 and this action was commenced in January 2004.

2. Supreme Court ruled that this particular residence, valued at $205,000, was marital property to be sold with all net proceeds divided equally between the parties. Plaintiff was given the option of purchasing the property and paying defendant his equitable share thereof, namely, $102,500. It is this financial obligation that she is attempting to avoid.

While plaintiff suffered severe injuries from the subject automobile accident, the settlement, which was unallocated and made payable to both parties jointly, was able to exceed the $100,000 maximum insurance coverage for a single individual because defendant was also in the vehicle at the time.[3] Additionally, in light of the equal split of all marital property, defendant has not challenged the $2,100 per month he is obligated to pay plaintiff until she turns 65 years old.[4] Plaintiff also collects $552 per month in Social Security disability and retirement benefits, and defendant is responsible for providing health insurance for her. Under these circumstances, Supreme Court's decision to split all marital property equally is fully supported by the record and will not be disturbed by this Court.

Cardona, P.J., Mercure, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

3. The parties collected $240,000 under the underinsured/uninsured motorist coverage of their own automobile insurance policy. Had plaintiff been in the vehicle alone, the maximum benefit under this provision would have been $100,000. Because both parties were in the vehicle, however, the maximum benefit was $300,000.

4. This obligation is initially for child support and spousal maintenance. Defendant, however, has agreed to continue this amount to plaintiff, in the nature of maintenance only, after their youngest child turns 22 years old.