Melvin Evans, Appellant, v Windell Evans, as Administrator of the Estate of Patty Evans, Deceased, Respondent. [870 NYS2d 394]—

Since the plaintiff presented insufficient and incredible evidence to establish his income, the Supreme Court properly awarded child support based on the needs of the child (*see* Domestic Relations Law § 240 [1-b] [k]; *Amsellem v Amsellem*, 15 AD3d 510, 510-511 [2005]). Additionally, the Supreme Court properly directed that this award was to be retroactive to the date of the initial pleadings (*see Amsellem v Amsellem*, 15 AD3d at 511; *see also Nolfo v Nolfo*, 188 AD2d 451, 453 [1992]).

The trial court has great flexibility in fashioning an equitable distribution of marital assets (*see Smulczeski v Smulczeski*, 18

AD3d 734, 735 [2005]; *Niland v Niland,* 291 AD2d 876, 877 [2002]). Equitable distribution does not necessarily mean equal distribution (*see Groesbeck v Groesbeck,* 51 AD3d 722, 723 [2008]; *Falgoust v Falgoust,* 15 AD3d 612, 614 [2005]; *Rizzuto v Rizzuto,* 250 AD2d 829, 830 [1998]). In light of the evidence that the plaintiff contributed minimally to the marriage, the court's determination with regard to the equitable distribution of the marital property was a provident exercise of discretion (*see Arrigo v Arrigo,* 38 AD3d 807, 807-808 [2007]; *Chalif v Chalif,* 298 AD2d 348 [2002]; *Greene v Greene,* 250 AD2d 572 [1998]; *cf. Simmons v Simmons,* 301 AD2d 515 [2003]).

However, modification of the order is required in light of the concession in the defendant's brief that the date of the cutoff of the award of a share of the defendant's pension benefits to the plaintiff should be December 31, 1998, not December 31, 1989.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Santucci, McCarthy and Dickerson, JJ., concur.