██  BARBARA SAMIMI, Respondent, v SOHRAB SAMIMI, Appellant. [22 NYS3d 515]—

Appeal from stated portions of a judgment of the Supreme Court, Nassau County (Margaret Reilly, J.), entered August 21, 2013. The judgment, inter alia, awarded the plaintiff monthly child support for the parties' three children in the sum of $2,378, title to the marital residence, spousal maintenance in the sum of $20,000 annually for a period of seven years, and attorneys' fees in the sum of $50,000.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"[I]n making any decision relative to equitable distribution, maintenance or child support, the court must set forth the factors that it considered and the reasons for its decision, 'and such may not be waived by either party or counsel' " (*Otto v Otto*, 150 AD2d 57, 61 [1989], quoting Domestic Relations Law § 236 [B] [5] [g]; [6] [b]). "A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (*Schwartz v Schwartz*, 67 AD3d 989, 990 [2009] [internal quotation marks and citations omitted]). "Equitable distribution does not necessarily mean equal distribution" (*Evans v Evans*, 57 AD3d 718, 719 [2008]). Here, in fashioning an equitable distribution award, the Supreme Court listed the statutory factors that shaped its determination and sufficiently detailed the rationale behind its award (*see* Domestic Relations

Law § 236 [B] [5] [d]; *Evans v Evans,* 57 AD3d 718 [2008]; *see generally Ruzicka v Ruzicka,* 31 AD3d 862 [2006]). While the Supreme Court misstated that the parties' 2008 tax return set forth that the defendant earned $80,000 and that the plaintiff had paid the health insurance premiums, the defendant ultimately failed to demonstrate that the court's distributive award was inequitable or that a different result was warranted.

As part of its equitable distribution determination, the Supreme Court, without elaborating on its specific reasoning, awarded the plaintiff title to the marital residence and awarded the defendant ownership of his computer consulting business. This Court, however, can make its own findings where the reasons for the Supreme Court's determination appear on the face of the record (*see Kobylack v Kobylack,* 62 NY2d 399, 403 [1984]; *Majauskas v Majauskas,* 61 NY2d 481, 493-494 [1984]). The record established that the defendant failed to cooperate with the valuation of the computer consulting business and failed to provide financial disclosure to the plaintiff as required. Furthermore, the gross earnings of the business for the years 2008 and 2009 totaled $142,791 and $172,345, respectively. The tax returns for 2008 and 2009 show that the business also took large tax deductions. The testimony of the parties also established that the parties and their children were sustained solely by the earnings of the business, including, but not limited to, the payment of the mortgage, taxes, utilities, the parties' automobiles, the children's extracurricular activities, and family vacations. Moreover, the record established that the defendant failed to comply with court orders and mandated discovery. The defendant's testimony and evidence were also shown on several occasions to be less than credible. The record established that the plaintiff continues to reside in the marital residence with the parties' three children. In addition, the record showed that the marital residence, while valued at $615,000, was encumbered by a mortgage of $256,250 and property taxes totaled $14,000. Upon consideration of all of the relevant factors (*see* Domestic Relations Law § 236 [B] [5] [d]), the Supreme Court did not improvidently exercise its discretion in awarding the marital residence to the plaintiff and the computer consulting business to the defendant (*see generally Bernholc v Bornstein,* 72 AD3d 625 [2010]; *Farkas v Farkas,* 251 AD2d 4 [1998], *affd* 11 NY3d 300 [2008]; *Maharam v Maharam,* 245 AD2d 94 [1997]).

"A parent's child support obligation is not necessarily determined by his or her current financial condition, but rather by his or her ability to provide support" (*Matter of Solis v*

*Marmolejos*, 50 AD3d 691, 692 [2008] [internal quotation marks and citations omitted]). As such, "[t]he court is not bound by a party's actual reported income in applying the basic child support obligation, and instead could use that party's actual earning capacity or impute an amount onto the gross income reported by the party" (*id.*). Here, the Supreme Court was permitted to impute income to the defendant in calculating his child support obligation for the parties' three children, since his account of his finances was not credible (*see Matter of Barnett v Ruotolo*, 49 AD3d 640 [2008]). The defendant's testimony and financial documentation indicated incongruously that his annual income was only approximately one-third of his annual expenses, and no evidence was submitted to show that these expenses had not been paid in a timely manner (*see id.*). In light of the testimony and evidence proffered at trial, the Supreme Court did not improvidently exercise its discretion in imputing income of $130,000 to the defendant in calculating his child support obligation.

"The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined based on its own unique facts" (*Grumet v Grumet*, 37 AD3d 534, 535 [2007]). "Although the trial court is required to consider the parties' preseparation standard of living in determining the appropriate amount and duration of maintenance, the court must also consider the reasonable needs of the recipient spouse and the preseparation standard of living in the context of the other factors" (*id.*; *see* Domestic Relations Law § 236 [B] [6] [a]). Here, the Supreme Court providently exercised its discretion in fixing the amount of maintenance awarded to the plaintiff. The Supreme Court further providently limited the duration of the award to a reasonable time for the plaintiff to complete the schooling and training necessary to become gainfully employed, as she has been out of the work force for some time (*cf. Palestra v Palestra*, 300 AD2d 288 [2002]).

"Pursuant to Domestic Relations Law § 237 (a), a court in a divorce action may award counsel fees to a spouse to enable that spouse to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and the respective parties" (*Aloi v Simoni*, 82 AD3d 683, 686 [2011] [internal quotation marks and citations omitted]). "In exercising its discretionary power to award an attorney's fee, the court may consider, among other things, whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary

litigation" (*id*. at 686-687 [internal quotation marks and citation omitted]). Here, the record established that the defendant's behavior and refusal to comply with discovery and court orders compelled the plaintiff to engage in extensive motion practice that significantly increased the cost of the litigation. Accordingly, the Supreme Court providently exercised its discretion in awarding the plaintiff $50,000 in attorneys' fees.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.

---

Motion by the respondent on an appeal from a judgment of the Supreme Court, Suffolk County, entered August 21, 2013, inter alia, to strike the appellant's brief or stated portions of the brief on the ground that they refer to matter dehors the record or contain factual misrepresentations. By decision and order on motion of this Court dated November 24, 2014, that branch of the motion which is to strike the appellant's brief or stated portions of the brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which is to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record is granted to the extent that those portions of the appellant's brief referring to matter dehors the record which are listed as items (A), (C), (D), (G), and (J) in paragraph 9 of the affirmation in support of the motion by Steven D. Kommor, dated September 3, 2014, are deemed stricken and have not been considered on appeal; and it is further,

Ordered that the motion is otherwise denied. Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.