■ NANCY ALMEIDA, Appellant, v SERGIO ALMEIDA, Defendant. [56 NYS3d 153]—

Appeal by the plaintiff from a judgment of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered March 9, 2015. The judgment, insofar as appealed from, upon a decision of that court dated July 25, 2014, made after an inquest, awarded the plaintiff weekly child support in the sum of only $120 and made an equitable distribution of the parties' assets.

Ordered that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof declining to appoint the plaintiff receiver of any properties and substituting therefor a provision appointing the plaintiff receiver of the marital residence and of the condominium in Fort Myers, Florida, (2) by deleting the provision thereof directing the sale of the marital residence upon the parties' child reaching the age of 21 and directing distribution of the proceeds thereof, and substituting therefor a provision awarding the plaintiff sole title to the marital residence, (3) by deleting the provision thereof reserving the parties' right to litigate, in Ecuador, their respective interests in property located in Ecuador, (4) by deleting the provision thereof directing the sale of the parties' condominium

in Fort Myers, Florida, and directing distribution of the proceeds thereof, and substituting therefor a provision awarding the plaintiff sole title to the condominium in Fort Myers, Florida, (5) by deleting the provisions thereof determining that the defendant had not dissipated marital assets, and (6) by deleting the provision thereof directing the payment of all marital debts from the proceeds of the sale of the marital residence, and substituting therefor a provision directing the plaintiff to satisfy the liens on the marital residence and the unpaid federal income tax liabilities for the years 2006-2009; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The parties were married in 1991, and have one child together. The plaintiff commenced this action for a divorce and ancillary relief in March 2012. In addition to the marital residence located in Whitestone, New York, the parties own real property in Ecuador, and a condominium and a house in Fort Myers, Florida. In December 2013, the plaintiff moved pursuant to CPLR 3126 to preclude the defendant from offering evidence at trial due to his failure to appear at a court-ordered deposition. Thereafter, the defendant's attorney confirmed the plaintiff's assertion that the defendant had moved to Ecuador. In an order dated January 9, 2014, the Supreme Court granted the plaintiff's motion pursuant to CPLR 3126. In another order dated January 9, 2014, the court granted the motion of the defendant's attorney to be relieved as counsel. On March 17, 2014, an inquest was held on the issues of equitable distribution and child support. As relevant here, in a judgment entered March 9, 2015, upon a decision dated July 25, 2014, the court directed that the marital residence and the Florida condominium be sold and the net proceeds, after certain deductions, be distributed equally, and awarded the plaintiff weekly child support in the sum of $120. The plaintiff appeals.

While distribution of marital property must be equitable, there is no requirement that the distribution of each item of marital property be on an equal or 50-50 basis (see *Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]; *Rizzo v Rizzo*, 120 AD3d 1400, 1403 [2014]; *Scher v Scher*, 91 AD3d 842, 847 [2012]; *Post v Post*, 68 AD3d 741, 742 [2009]; *Michaelessi v Michaelessi*, 59 AD3d 688, 689 [2009]; *Coffey v Coffey*, 119 AD2d 620, 622 [1986]). The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors (see Domestic Relations Law § 236 [B] [5] [d]; *Holterman v Holterman*, 3 NY3d 1, 7 [2004]; *Taylor v Taylor*, 140 AD3d 944, 945 [2016]).

In determining an equitable disposition of property the court must consider, inter alia, the wasteful dissipation of assets by either party (*see* Domestic Relations Law § 236 [B] [5] [d] [12]; *Wilner v Wilner*, 192 AD2d 524, 525 [1993]).

Contrary to the Supreme Court's determination, the plaintiff established, by a preponderance of the evidence, that the defendant engaged in wasteful dissipation of marital assets (*see Renck v Renck*, 131 AD3d 1146, 1149 [2015]; *Epstein v Messner*, 73 AD3d 843, 846 [2010]). Additionally, the plaintiff agreed to assume full responsibility for the marital debt consisting of liens on the marital residence and unpaid federal income tax liabilities for the years 2006-2009 (*see Grabelsky v Handler*, 127 AD3d 1141, 1142 [2015]; *Corless v Corless*, 18 AD3d 493, 494 [2005]). Moreover, the plaintiff testified that she did not seek the distribution of any interest in the parties' property located in Ecuador. Accordingly, under the circumstances of this case, the court should have awarded the plaintiff sole title to both the marital residence and the Florida condominium and should have appointed her receiver of those properties to effect the transfers of title.

However, the Supreme Court properly awarded child support based on the needs of the child, as there was insufficient evidence to establish the parties' income (*see* Domestic Relations Law § 240 [1-b] [k]; *Kay v Kay*, 37 NY2d 632, 636 [1975]; *Halley-Boyce v Boyce*, 108 AD3d 503, 504 [2013]; *Lew v Lew*, 82 AD3d 1171, 1171 [2011]; *Evans v Evans*, 57 AD3d 718, 718 [2008]; *Amsellem v Amsellem*, 15 AD3d 510, 510-511 [2005]; *Mayer v Mayer*, 291 AD2d 384, 385 [2002]). Mastro, J.P., Leventhal, Hall and Sgroi, JJ., concur.