■ THORA B. BARNES, Respondent, v RICHARD K. BARNES, Appellant. — In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Kelly, J.), dated January 31, 1983, as after a nonjury trial, denied him any equitable share of the marital residence and the household furnishings therein, and determined that certain gifts of securities from the plaintiff wife's mother were not marital property.

Judgment affirmed insofar as appealed from, with costs.

The parties were married on May 27, 1966. At the time of trial, the plaintiff wife was 52 years of age and had been married twice previously, and the defendant husband was 50 years of age and had ben married once previously. The husband was at the time of the marriage, and still is, employed as an elementary school teacher earning a modest salary from which he was and still is required to pay his former wife alimony and child support in the amount of approximately $6,000 annually. The record discloses that the husband owned no real property or separate assets of any consequence before or during the marriage.

On the other hand, the wife owned securities valued at approximately $150,000 which were sold during the marriage and used, along with the proceeds from the sale of other property, loans and cash gifts from plaintiff's mother, for the purchase and maintenance of three successive marital residences, to which she held sole title, and which were occupied by her, the husband and their daughter who was born in 1970. The marital residence, presently occupied by the wife and the parties' daughter, was valued at the time of trial at $200,000. At the time of trial the wife had three jobs and was earning a total of approximately $150 per week. All of the household furnishings in the

marital premises were given to plaintiff by her family prior to the marriage.

Based upon the record, we agree with Trial Term that the facts of this case strongly oppose granting the husband any share in the marital premises or household furnishings therein. At best, defendant's contributions and efforts, both economic and noneconomic, to the acquisition, maintenance and appreciation in value of the marital residence were minimal (see Domestic Relations Law, § 236, part B, subd 1, pars c, d; subd 5, pars b, c; cf. *Kobylack v Kobylack,* 96 AD2d 831, revd on other grounds 62 NY2d 399; *Duffy v Duffy,* 94 AD2d 711). In reaching this determination, we find no reason to disturb Trial Term's determination according great weight to the testimony of plaintiff and little weight to the testimony of defendant (see *Matter of Poggemeyer,* 87 AD2d 822). It should be pointed out that defendant nowhere contested the allegation in plaintiff's complaint, which was incorporated into the final judgment of divorce as a finding of fact, that throughout the course of the marriage, defendant was financially irresponsible and contributed little, if any, financial support to the marriage. To award defendant any equitable share in the property he claims, would, under the circumstances of this case, provide him with an economic advantage merely by virtue of the fact that he was married to plaintiff (*Kobylack v Kobylack,* 110 Misc 2d 402, 405, mod on other grounds 96 AD2d 831, revd on other grounds 62 NY2d 399, *supra*).

We find no merit to defendant's other contentions. Titone, J. P., Mangano, Brown and Rubin, JJ., concur.