■ ANDREW S. LEIDER, Appellant, v SANDRA B. OTERO-LEIDER, Respondent.—Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered on December 13, 1988, which, after a trial, granted the parties a divorce, awarded the plaintiff all of his interest in the business, all of his interest in his real estate holdings, all of his National Guard pension, and one half of the parties' 50% interest in the marital home, and awarded the defendant the remaining share of the parties' interest in the marital home and all of the value of the defendant's license to practice law, is unanimously affirmed without costs.

On appeal, plaintiff does not challenge the divorce, but claims that the trial court's equitable distribution was incorrect. Credible evidence showed that the defendant wife began law school shortly after the marriage, during which the plaintiff gave her some minimal help, but during which she continued to maintain the marital home. She also helped her husband in a business, which involved maintaining Xerox machines in law school libraries, for which she drew a small salary. She graduated from Cardozo Law School, failed the Bar examination on her first attempt, was fired from her first postschool job, and eventually obtained the position as an inhouse attorney with the New York/New Jersey Port Author-

ity, earning $51,000 at time of trial. Her husband, meanwhile grew less interested in his own law career and in the Xeroxing business, and more interested in his various real estate holdings. The trial court found that equity favored distribution of all the real estate holdings and the Xerox business to the plaintiff, and all the defendant's license to practice law to her. Relying on competent evidence that the defendant participated actively in maintaining the marital home, the court awarded each of the parties one half of the net amount of their interest in that home, 50% of which is owned by the plaintiff's mother. None of the plaintiff's factual arguments is anything more than his view of the evidence, which gives this court no reason to disturb the trial court's exercise of its wide discretion in making an equitable distribution award *(see, Barnes v Barnes,* 106 AD2d 535, 536). We have reviewed the plaintiff's other arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.