■ ARLENE SADE, Appellant, v JACQUES SADE, Respondent. [675 NYS2d 119] —In an action for a divorce and ancillary relief, the plaintiff former wife appeals (1), as limited by her brief, from stated portions of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated October 7, 1996, which, *inter alia,* (a) directed an equal distribution of all marital property other than her enhanced earning capacity, and (b) directed her to pay maintenance in the amount of $140 per week to the defendant former husband for a period of three years or until her retirement, (2) from an order of the same court, also dated October 7, 1996, which directed her to pay counsel fees and disbursements in the total sum of $8,070.05 to the defendant, and (3), as limited by her brief, from so much of an order of the same court, dated June 19, 1997, as amended August 19, 1997, as granted that branch of the defendant's cross motion which was for an award of additional counsel fees to the extent of directing her to pay additional counsel fees in the amount of $1,000.

Ordered that the judgment is modified, on the law and the facts, without costs or disbursements, by deleting the sixth, ninth, tenth, eleventh, twelfth, thirteenth, and fifteenth decretal paragraphs thereof and substituting therefor provisions (a) distributing to the defendant marital property consisting of a residence in Plattekill, New York, and a 1990 Honda Civic automobile, said distribution representing the defendant's entire equitable share of the parties' marital assets, and (b) distributing all of the remaining marital assets to the wife; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated October 7, 1996, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated June 19, 1997, as amended August 19, 1997, is reversed insofar as appealed from, on the

facts and as a matter of discretion, without costs or disbursements, and that branch of the defendant's cross motion which was for an award of additional counsel fees is denied in its entirety.

Following a trial, the Supreme Court issued a judgment identifying the parties' marital property and directing an equal distribution of all of the marital assets except for the plaintiff's enhanced earning capacity. However, upon our review of the record, and in consideration of the relevant statutory factors (*see,* Domestic Relations Law § 236 [B] [5] [d]), we find that the equal division of the aforementioned assets was not equitable under the circumstances of this case. The trial evidence clearly established that the defendant made only minor and insignificant economic and noneconomic contributions to the marriage. The plaintiff was not only the sole wage earner during much of the marriage, but also performed the usual and customary household duties throughout the parties' relationship. The defendant did not directly or indirectly contribute to the plaintiff's career as a teacher, even though he was unemployed for lengthy intervals and there were no children of the marriage to care for. Moreover, the credible testimony at trial amply demonstrated that the defendant's conduct caused a decline in the value of the former marital residence located in Thiells, New York. Given all of these factors, we conclude that the distribution to the defendant of marital property consisting of a residence in Plattekill, New York, and a 1990 Honda Civic automobile, representing approximately 20% of the total value of the marital assets which the Supreme Court found were subject to distribution, is equitable (*see, Balsamo v Balsamo,* 200 AD2d 649; *Palmer v Palmer,* 156 AD2d 651).

Furthermore, in view of the parties' respective financial circumstances, including their reasonable needs and means (*see, Kahn v Kahn,* 221 AD2d 320; *Liadis v Liadis,* 207 AD2d 331), we find that the Supreme Court improvidently exercised its discretion in awarding the defendant maintenance. Notwithstanding his failure to engage in regular and gainful employment during the marriage, the defendant possesses many skills, has a strong educational background, and has sporadically demonstrated an ability to earn significant income in various fields of endeavor, including, most recently, pedigree dog breeding. Accordingly, the defendant's background and earning capacity, as well as the other factors previously discussed (*see,* Domestic Relations Law § 236 [B] [6] [a]), warrant vacatur of the maintenance award.

We decline to disturb the Supreme Court's award to the de-

fendant of $8,070.05 for counsel fees and disbursements in connection with the divorce action (*see generally,* Domestic Relations Law § 237). However, the award of an additional $1,000 to the defendant for counsel fees in connection with the parties' subsequent motion practice was inappropriate under all of the attendant circumstances.

The plaintiff's remaining contentions are either without merit or need not be reached in view of the foregoing discussion. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.