NANCY ARRIGO, Respondent, v CHRISTOPHER ARRIGO, Appellant. [834 NYS2d 534]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J), dated September 27, 2004, as, upon a decision of the same court (Shapiro, J.), dated August 5, 2004, made after a nonjury trial, awarded him only a 25% share of the marital assets and denied him an award of maintenance.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the husband's contention, the Supreme Court did not err in awarding him only a 25% share of the marital assets. Equitable distribution does not necessarily mean equal distribution, and it is evident that the Supreme Court properly considered the relevant statutory factors in fashioning the distribution in the instant case (*see Falgoust v Falgoust,* 15 AD3d 612 [2005]). The parties' marriage was of relatively short duration, both parties are relatively young and healthy, and there are no children of the marriage. Furthermore, the husband's financial contributions to the marriage were minimal. Thus, the court properly awarded him only a 25% share of the marital as-

sets (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879 [1987]; *Greene v Greene,* 250 AD2d 572 [1998]; *Moody v Moody,* 172 AD2d 730 [1991]; *Barnes v Barnes,* 106 AD2d 535 [1984]).

Contrary to the husband's further contention, the Supreme Court properly denied him an award of maintenance. The amount and duration of maintenance to be awarded is a matter committed to the sound discretion of the trial court (*see Keane v Keane,* 25 AD3d 729 [2006]). Every case of maintenance must be considered on its unique facts (*see Popelaski v Popelaski,* 22 AD3d 735 [2005]).

Here, the marriage was relatively short, and both parties are relatively young and healthy. Although the husband earned substantially less income than the wife, he has three college degrees. An award of maintenance is not determined by actual earnings, but rather by earning capacity (*see Aborn v Aborn,* 196 AD2d 561 [1993]). The husband quit many jobs of his own volition, despite the wife's wishes that he maintain steady employment. Furthermore, he received a distributive award of 25% of the marital assets. Thus, the court properly denied him an award of maintenance (*cf. Wexler v Wexler,* 34 AD3d 458 [2006]; *Keane v Keane, supra; Bourne v Bourne,* 237 AD2d 317 [1997]).

The husband's remaining contention regarding enforcement of an alleged agreement dated May 14, 1996 is not properly before us as he raises it for the first time on appeal (*see McNamee Constr. Corp. v City of New Rochelle,* 29 AD3d 544 [2006]). Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.