ANAMIKA ROY GUHA, Respondent, v STEVEN GUHA, Also
Known as SUBRATA GUHA, Also Known as SHONE GUHA, Appel-
lant. [877 NYS2d 151]—

In an action for a divorce and ancillary relief, the defendant
appeals, as limited by his brief, from stated portions of a judg-
ment of the Supreme Court, Nassau County (Iannacci, J.),
entered June 22, 2007, which, upon a decision of the same court
dated March 23, 2007, made after a nonjury trial, inter alia,
awarded him only 30% of the value of the marital residence,
and only 5% of the value of the plaintiff's enhanced earning
capacity, and failed to award him maintenance.

Ordered that the judgment is affirmed insofar as appealed
from, with costs.

Contrary to the defendant's contention, the Supreme Court
did not err in awarding him only 30% of the value of the mari-
tal residence and 5% of the value of the plaintiff's enhanced
earning capacity. "Equitable distribution does not necessarily
mean equal distribution" (*Evans v Evans*, 57 AD3d 718, 719
[2008]; *see Groesbeck v Groesbeck*, 51 AD3d 722, 723 [2008];
*Falgoust v Falgoust*, 15 AD3d 612, 614 [2005]). "Where only
modest contributions are made by the nontitled spouse toward
the other spouse's attainment of a degree or professional license,
and the attainment is more directly the result of the titled
spouse's own ability, tenacity, perseverance and hard work, it is
appropriate for courts to limit the distributed amount of that
enhanced earning capacity" (*Higgins v Higgins*, 50 AD3d 852,
853 [2008], quoting *Farrell v Cleary-Farrell*, 306 AD2d 597,
599-600 [2003]).

Here, the evidence at trial established that the defendant
made minimal financial contributions to the marriage (*see Ev-
ans v Evans*, 57 AD3d at 719; *Arrigo v Arrigo*, 38 AD3d 807
[2007]; *Sade v Sade*, 251 AD2d 646, 647 [1998]). The defendant,
moreover, failed to satisfy his burden of demonstrating that he
made substantial contributions to the plaintiff's attainment of
her license to practice medicine in the United States (*see Hig-
gins v Higgins*, 50 AD3d at 853; *Brough v Brough*, 285 AD2d
913, 914 [2001]; *Sade v Sade*, 251 AD2d at 647). The record
reflects that the plaintiff completed medical school in India

prior to meeting the defendant and that she passed the United States Medical Licensing Examination based on her own ability, tenacity, perseverance, and hard work (*see Gandhi v Gandhi*, 283 AD2d 782, 784-785 [2001]). Thus, the Supreme Court, after properly considering the relevant statutory factors (*see* Domestic Relations Law § 236 [B] [5]; *Arrigo v Arrigo*, 38 AD3d 807 [2007]; *Falgoust v Falgoust*, 15 AD3d at 614), providently exercised its discretion in distributing the marital estate.

Contrary to the defendant's contention, the Supreme Court properly declined to award him maintenance (*see Arrigo v Arrigo*, 38 AD3d at 808; *Gainey v Gainey*, 303 AD2d 628, 630-631 [2003]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Florio, Covello and Eng, JJ., concur.