■ Nancy Alper, Appellant, v Robert Alper, Respondent. [909 NYS2d 131]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Prus, J.), dated December 23, 2008, as, upon a decision dated October 8, 2008, made after a nonjury trial, awarded her zero percent of the marital residence and certain other marital assets.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

"While the distribution of marital property must be equitable, there is no requirement that the assets be split evenly" (*Giokas v Giokas*, 73 AD3d 688, 689 [2010]; *see DeSouza-Brown v Brown*, 71 AD3d 946 [2010]; *Arrigo v Arrigo*, 38 AD3d 807 [2007]). "A trial court is vested with broad discretion in making an equitable distribution of marital property, and 'unless it can be shown that the court improvidently exercised that discretion,

its determination should not be disturbed' " (*Schwartz v Schwartz*, 67 AD3d 989, 990 [2009], quoting *Saleh v Saleh*, 40 AD3d 617, 617-618 [2007]; *see Sebag v Sebag*, 294 AD2d 560 [2002]). Moreover, where, as here, the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal (*see Schwartz v Schwartz*, 67 AD3d at 990; *Jones-Bertrand v Bertrand*, 59 AD3d 391 [2009]; *Grasso v Grasso*, 47 AD3d 762, 764 [2008]; *Antes v Antes*, 304 AD2d 597, 597-598 [2003]). Here, we see no basis for disturbing the Supreme Court's determinations regarding the equitable distribution of the parties' property.

As the record supports the Supreme Court's determination that, although both parties worked throughout the marriage, the plaintiff contributed "little, if any, financial support to the marriage," and did not contribute at all to the purchase, and only minimally to the maintenance, of the marital home, the Supreme Court providently exercised its discretion in denying her any interest in the marital residence (*see Moody v Moody*, 172 AD2d 730 [1991]; *Mahlab v Mahlab*, 143 AD2d 116, 116-117 [1988]; *Barnes v Barnes*, 106 AD2d 535 [1984]).

Likewise, the Supreme Court providently exercised its discretion in rejecting the plaintiff's claim that she was entitled to equitable distribution of the appreciation in value of the marital residence and the defendant's country home, bought prior to the marriage. "[I]n order to obtain equitable distribution of the appreciation in value of the [defendant's] interest in the property], the [plaintiff] was required to demonstrate the manner in which [her] contributions resulted in the increase in value and the amount of the increase which was attributable to [her] efforts" (*Elmaleh v Elmaleh*, 184 AD2d 544, 545 [1992]; *see Embury v Embury*, 49 AD3d 802, 804 [2008]). The parties' conflicting testimony as to the plaintiff's "direct contribution of . . . time and labor toward the improvements made to [these assets] presented a question of credibility which [the] Supreme Court resolved in favor of [the defendant]" (*Guarnier v Guarnier*, 155 AD2d 744, 745 [1989]). Such a credibility determination "is afforded great weight on appeal" (*Schwartz v Schwartz*, 67 AD3d at 990; *see Jones-Bertrand v Bertrand*, 59 AD3d 391 [2009]; *Grasso v Grasso*, 47 AD3d at 764; *Antes v Antes*, 304 AD2d at 597-598).

With regard to the defendant's cash and securities, the Supreme Court properly found that the plaintiff had failed to proffer any documentary or testimonial proof regarding whether these assets were separate or marital. In any event, the Supreme

Court concluded, and the record shows, that the plaintiff made little or no financial contribution to the marriage, but rather, spent all her money on herself and her daughter from a prior marriage (see *Arrigo v Arrigo*, 38 AD3d 807 [2007]; *Dugan v Dugan*, 238 AD2d 741, 743 [1997]; *Kaplinsky v Kaplinsky*, 198 AD2d 212, 213 [1993]; *Kobylack v Kobylack*, 111 AD2d 221, 222 [1985]). Under these circumstances, and where, as stated previously, both parties worked throughout the marriage, there were no children of the marriage, and the parties were separated for 10 of their 20 years of marriage, "to award [the plaintiff] any equitable share in the [defendant's cash and securities] would . . . provide [her] with an economic advantage merely by virtue of the fact that [she] was married to [the defendant]" (*Barnes v Barnes*, 106 AD2d at 536).

With regard to the vacant land in Greene County, while it is undisputedly marital property, the plaintiff, as the nontitled spouse, "had the burden of proving the asset's value so as to afford the court a sufficient basis upon which to make a distributive award" (*Iwahara v Iwahara*, 226 AD2d 346, 347 [1996]; see *Antoian v Antoian*, 215 AD2d 421, 422 [1995]; *Gredel v Gredel*, 128 AD2d 834 [1987]). As the plaintiff failed to meet her burden, the Supreme Court properly declined to make a distributive award regarding the property. Mastro, J.P., Chambers, Roman and Sgroi, JJ., concur.