■ MIKHAIL KUZNETSOV, Respondent-Appellant, v ANNA KUZNETSOVA, Appellant-Respondent. [913 NYS2d 325]—

In an action for a divorce and ancillary relief, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Thomas, J.), dated January 21, 2010, as granted the plaintiff's cross motion to appoint an appraiser to value her degrees for the purpose of equitable distribution, and (2) from a money judgment of the same court entered March 15, 2010, which, upon so much of the order dated January 21, 2010, as granted her motion for an award of an interim attorney's fee, is in her favor in the sum of only $7,000, and the plaintiff cross-appeals (1), as limited by his brief, from so much of the same order as granted the defendant's motion for an award of an interim attorney's fee, and (2) from the same money judgment.

Ordered that on the Court's own motion, the defendant's notice of appeal from so much of the order dated January 21, 2010, as awarded her an interim attorney's fee in the sum of only $7,000, is deemed to be a premature notice of appeal from the money judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the plaintiff's cross appeal from the order dated January 21, 2010, is dismissed; and it is further,

Ordered that the order dated January 21, 2010, is affirmed insofar as reviewed; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff's cross appeal from the order dated January 21, 2010, must be dismissed because the right of direct cross appeal therefrom terminated with the entry of the money judgment in the action (see *Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the cross appeal from the order are brought up for review and have been considered on the cross appeal from the money judgment (see CPLR 5501 [a] [1]).

This action for a divorce and ancillary relief arises from the termination of a 16-year marriage between the plaintiff husband and the defendant wife. During the course of the marriage, the defendant began taking the necessary classes to earn both a Bachelor of Science and a Doctorate degree in physical therapy. After the plaintiff commenced this action for a divorce and ancillary relief in August 2007, the defendant continued with her studies and, ultimately, was granted both degrees in May 2009.

The Supreme Court properly granted the plaintiff's cross motion to appoint an appraiser to value the defendant's degrees for the purpose of equitable distribution. "The definition of marital property should be construed broadly in order to give effect to the economic partnership concept of the marriage relationship recognized in the statute" (*Mesholam v Mesholam*, 11 NY3d 24, 28 [2008] [internal quotation marks omitted]). "[F]ew undertakings during a marriage better qualify as the type of joint effort . . . than contributions toward one spouse's acquisition of a professional license" (*O'Brien v O'Brien*, 66 NY2d 576, 585 [1985]). "In order to constitute marital property, a degree or license must be attributable to a course of study, at least part of which was undertaken during the marriage. The license or degree will constitute marital property only to the extent that it is attributable to the work done during the marriage" (*McGowan v McGowan*, 142 AD2d 355, 363 [1988]).

Here, it is undisputed that the defendant completed many of the required courses to obtain her degrees during the course of the marriage. Therefore, to the extent that the defendant's degrees are attributable to the course work completed during the marriage, the plaintiff may be entitled to equitable distribution of a portion of the defendant's enhanced earning capacity (see *Rodriguez v Rodriguez*, 70 AD3d 799, 801 [2010]; *Miklos v Miklos*, 9 AD3d 397 [2004]; *Vora v Vora*, 268 AD2d 470 [2000]; *Vainchenker v Vainchenker*, 242 AD2d 620 [1997]; *cf. McGowan*

*v McGowan*, 142 AD2d at 363). However, " 'it [will be] incumbent upon the nontitled party seeking a distributive share of such assets to demonstrate that [he or she] made a substantial contribution to the titled party's acquisition of that marital asset' " (*Schwartz v Schwartz*, 67 AD3d 989, 991 [2009], quoting *Higgins v Higgins*, 50 AD3d 852, 853 [2008] [internal quotation marks omitted]).

Contrary to the plaintiff's contention, based on the disparate financial circumstances between the parties, the Supreme Court did not improvidently exercise its discretion in awarding an interim attorney's fee to the defendant (*see* Domestic Relations Law § 237 [a]). However, contrary to the defendant's contention, the Supreme Court also providently exercised its discretion in awarding her an interim attorney's fee in the sum of only $7,000 (*see Levesque v Levesque*, 73 AD3d 990 [2010]; *Davis-Potente v Potente*, 60 AD3d 720 [2009]; *Petrov v Basheva-Petrova*, 46 AD3d 791 [2007]; *Zheng v Pan*, 23 AD3d 378 [2005]; *Bogannam v Bogannam*, 20 AD3d 442 [2005]). This amount was sufficient to ensure that the defendant was able to litigate the action on equal footing with the plaintiff (*see O'Shea v O'Shea*, 93 NY2d 187 [1999]; *Davis-Potente v Potente*, 60 AD3d 720 [2009]; *Prichep v Prichep*, 52 AD3d 61, 64 [2008]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.