Cravo v Diegel (2018 NY Slip Op 05447)





Cravo v Diegel


2018 NY Slip Op 05447


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-01124
 (Index No. 53364/13)

[*1]Ligia Cravo, respondent, 
v
Eymund Diegel, appellant.


Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for appellant.
Walter E. Anderocci, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Kings County (Esther M. Morgenstern, J.), dated November 17, 2016. The judgment, insofar as appealed from, upon a decision and order of the same court dated September 7, 2016, made after a nonjury trial, awarded the plaintiff sole legal and residential custody of the parties' child, awarded the defendant only a 45% distributive share of the marital bank accounts and retirement accounts, awarded the defendant only a 45% share of the net proceeds of the sale of the marital residence, awarded the plaintiff a separate property credit related to the down payment on the marital residence in the sum of $38,000, did not award the defendant a separate property credit related to the down payment on the marital residence, awarded the plaintiff 55% of her total counsel fees, awarded the plaintiff child support arrears in the sum of $32,771.88, and did not award the defendant maintenance arrears.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff a separate property credit in the sum of $38,000; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.
The parties were married in 1992, and they are the parents of one child. The defendant appeals from stated portions of the judgment of divorce regarding child custody, child support arrears, spousal maintenance arrears, equitable distribution, and counsel fees.
" The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Gooler v Gooler, 107 AD3d 712, 712, quoting Matter of Julie v Wills, 73 AD3d 777, 777; see Eschbach v Eschbach, 56 NY2d 167, 171). In making an initial custody determination, the court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (see Matter of Gooler v Gooler, 107 AD3d at 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see id.; Matter of Frankiv v Kalitka, 105 AD3d 1045, 1046). Here, the Supreme Court's determination that the child's best [*2]interests would be served by awarding legal and residential custody to the plaintiff has a sound and substantial basis in the record and will not be disturbed (see Matter of Gooler v Gooler, 107 AD3d at 713; Matter of Gasby v Chung, 88 AD3d 709, 709-710).
" The trial court is vested with broad discretion in making an equitable distribution of marital property . . . and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed'" (Halley-Boyce v Boyce, 108 AD3d 503, 504, quoting Safi v Safi, 94 AD3d 737, 737). " Equitable distribution does not necessarily mean equal distribution'" (Guha v Guha, 61 AD3d 634, 634, quoting Evans v Evans, 57 AD3d 718, 719; see Halley-Boyce v Boyce, 108 AD3d at 504). Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in awarding the defendant only 45% of the value of the marital residence (see Guha v Guha, 61 AD3d at 634). We likewise conclude that the court did not improvidently exercise its discretion in equitably distributing the marital property by awarding the defendant a 45% distributive share of the marital bank accounts and retirement accounts, based on the defendant's modest contributions to the marital estate (see Arvantides v Arvantides, 64 NY2d 1033, 1034; Guha v Guha, 61 AD3d at 634).
However, the Supreme Court should not have awarded the plaintiff a separate property credit in the sum of $38,000. The plaintiff did not establish that the $38,000 from her parents which the parties used toward the down payment on the marital residence was separate property and not marital funds (see McLoughlin v McLoughlin, 63 AD3d 1017, 1019). The defendant's conclusory statement that he contributed $35,000 of his separate funds to the down payment on the marital residence also failed to establish his entitlement to a separate property credit (see Romano v Romano, 40 AD3d 837, 838).
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in imputing income to him in the sum of $72,000 per year and in computing his child support arrears based on that amount. " A court need not rely upon a party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated future potential earnings'" (Sotnik v Zavilyansky, 101 AD3d 1102, 1103, quoting Haagen-Islami v Islami, 96 AD3d 1004, 1005; see Greisman v Greisman, 98 AD3d 1079, 1080). Here, the court properly imputed income to the defendant based upon his skills, education, employment history, and financial resources.
Contrary to the defendant's contention, the Supreme Court did not improvidently exercise its discretion in failing to award him maintenance arrears accruing under a pendente lite order dated December 29, 2014, because he failed to make an application for such an award. A party to a matrimonial action may make an application for a judgment directing payment of maintenance arrears at any time prior to or subsequent to the entry of a judgment of divorce (see Domestic Relations Law § 244). However, an application for a judgment directing payment of maintenance arrears must be made "upon such notice to the spouse or other person as the court may direct" (Domestic Relations Law § 244). Here, the defendant made no such application (see Domestic Relations Law § 244; Matter of Fixman v Fixman, 31 AD3d 637, 637-638).
The determination of what constitutes reasonable counsel fees is within the court's discretion (see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Baron v Baron, 71 AD3d 807, 810). In its determination of a counsel fee application, the trial court must consider the relative financial circumstances of the parties, the relative merit of their positions, and the tactics of a party in unnecessarily prolonging the litigation (see Baron v Baron, 71 AD3d at 810; Kaplan v Kaplan, 51 AD3d 635, 637). Although the defendant correctly contends that he is the less monied spouse, the Supreme Court's award to the plaintiff of 55% of her total counsel fees, upon its determination that the defendant's obstructionist conduct unnecessarily prolonged the pretrial motion practice and the trial, was not an improvident exercise of discretion (see Meara v Meara, 104 AD3d 916, 917; Quinn v Quinn, 73 AD3d 887, 887).
The defendant's remaining contentions are without merit.
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court