Ravishankar v Apontes (2018 NY Slip Op 08965)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Ravishankar v Apontes

2018 NY Slip Op 08965

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2015-10890
(Index No. 202155/10)

[*1]Shreyas Ravishankar, appellant, 
vPasha Apontes, respondent.

Law Offices of Russell I. Marnell, P.C., East Meadow, NY, for appellant.
Pasha Apontes, Williston Park, NY, respondent pro se.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from stated portions of a judgment of the Supreme Court, Nassau County (Geoffrey J. O'Connell, J.H.O.), dated August 10, 2015. The judgment, insofar as appealed from, upon a decision and an amended decision of the same court dated January 16, 2014, and April 2, 2015, respectively, made after a nonjury trial, inter alia, awarded the defendant a 15% share of the plaintiff's enhanced earning capacity and awarded the defendant counsel fees in the sum of $20,000.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The Supreme Court providently exercised its discretion in awarding the defendant a 15% share of the plaintiff's enhanced earning capacity, based upon the defendant's contributions to the marital household, including caring for the parties' children while the plaintiff was in medical school (see Scaramucci v Scaramucci, 140 AD3d 848; Kuznetsov v Kuznetsova, 79 AD3d 974; Schwartz v Schwartz, 67 AD3d 989; Guha v Guha, 61 AD3d 634).
The Supreme Court also providently exercised its discretion in awarding the defendant counsel fees in the sum of $20,000 (see Domestic Relations Law § 237[a]). The court properly considered the relevant financial circumstances of the parties, and the particular circumstances of the case (see Bagielto v Kolsch, 148 AD3d 766).
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court