Oppenheim v Oppenheim (2019 NY Slip Op 00610)





Oppenheim v Oppenheim


2019 NY Slip Op 00610


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05365
 (Index No. 598/14)

[*1]Jeffrey Oppenheim, respondent, 
v
Ann Oppenheim, appellant.


William S. Beslow, New York, NY, for appellant.
Hocherman Tortorella & Wekstein, LLP, White Plains, NY (Adam J. Wekstein of counsel), and Novenstern Fabriani & Gaudio, LLP, Mount Kisco, NY (Kenneth J. Novenstern and R. Christopher Owen of counsel), for respondent (one brief filed).



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), entered April 7, 2016. The judgment of divorce, upon a decision of the same court dated January 28, 2016, made after a nonjury trial, inter alia, failed to equitably distribute the value of a family trust created in 2012, failed to award the defendant maintenance, and awarded the defendant only a 30% share of the plaintiff's 30% interest in a medical practice.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 1992 and have three children, all of whom are now over the age of 21. Both parties are well educated. The plaintiff is a neurosurgeon, and the defendant is licensed as a Certified Financial Analyst, although she has not been employed since the first child was born. In April 2014, both parties commenced actions seeking a divorce and ancillary relief. The actions were consolidated in Rockland County.
The Supreme Court conducted a nonjury trial in the summer of 2015 and a judgment of divorce was entered in April 2016. Issues at trial included, among other things, the valuation and equitable distribution of the plaintiff's interest in a medical practice, the defendant's claims that the plaintiff engaged in inequitable conduct in the establishment of the Oppenheim Family 2012 Trust (hereinafter the family trust), child support, maintenance, and attorney's fees.
In its decision after trial, the court found that the defendant failed to prove that the plaintiff acted inequitably in the creation of the family trust. The court found that the defendant failed to prove that the plaintiff's intent was to defraud her for his own benefit. While finding it "troubling" that the attorney who handled the creation of the family trust communicated "for the most part" only with the plaintiff, the court found that the plaintiff kept the defendant informed during the process of creating the family trust, that the parties were on equal footing with respect to the financial aspects of the creation of the family trust, that the defendant was fully informed of the [*2]source of funding of the family trust and its anticipated tax implications, and that the family trust was created prior to any indication of marital discord. In determining the value of the plaintiff's share of a medical practice, the court accepted the valuation proffered by the plaintiff's expert and expressly rejected the valuation proffered by the defendant's expert. The court also rejected the defendant's contention that she made direct contributions to the value of the practice. Nevertheless, in light of what it found to be the defendant's indirect contributions to the practice, the court awarded the defendant a distributive share of 30% of the plaintiff's 30% interest in the medical practice. The court declined to award maintenance to the defendant in light of, among other relevant factors, the parties' distributive shares of the substantial marital estate. The court also declined to award attorney's fees, noting that both parties had been permitted to advance themselves significant funds for that purpose from marital assets. The court also determined the issue of child support. The court also declined to make adjustments for excess child support and for maintenance paid by the plaintiff during the pendency of the action.
The defendant's main contention on this appeal is that the Supreme Court should have awarded her equitable distribution of the value of the principal in the family trust as of the date of trial, based on the plaintiff's alleged inequitable conduct in the formation of the family trust. The defendant contends that the plaintiff "commandeered" the family trust, the funding of which came from assets held in her name. The defendant points out that, although the family trust was ostensibly intended to benefit the parties' children and their descendants, the plaintiff had the power to discharge the independent trustee and was himself a permissible beneficiary. The plaintiff also retained a testamentary power of appointment exercisable in favor of any beneficiary, not just the children. Notably, the defendant has never challenged the validity of the family trust and has not sought to set it aside. Moreover, she seeks equitable distribution not of the actual funds held by the family trust, but only distribution of the amount of the assets in the trust from other assets held by the plaintiff. The defendant has not alleged that the plaintiff actually sought distribution to himself of any of the family trust principal.
Trial courts are vested with broad discretion in determining equitable distribution of marital property. Unless the court has improvidently exercised that discretion, its determination should not be disturbed on appeal (see Linenschmidt v Linenschmidt, 163 AD3d 949, 950; Gafycz v Gafycz, 148 AD3d 679, 680; Alper v Alper, 77 AD3d 694, 695). Moreover, when the Supreme Court has determined the issue of equitable distribution after a nonjury trial, the credibility
assessments underlying its determination are entitled to great weight on appeal (see Linenschmidt v Linenschmidt, 163 AD3d at 950; Alper v Alper, 77 AD3d at 695). Here, contrary to the defendant's contention, the court providently exercised its discretion in declining to award equitable distribution of the value of the family trust. Giving due deference to the court's credibility assessments, we agree that the evidence as to the circumstances surrounding, among other things, the creation of the family trust and the terms of the trust itself, do not support the defendant's contentions that the plaintiff acted inequitably in regard to the formation of the family trust (see Weidman v Weidman, 162 AD3d 720, 723-724).
Further, we decline to disturb the Supreme Court's findings and determinations as to the valuation and distribution of the plaintiff's 30% interest in the medical practice. The court's determination accepting the valuation of the plaintiff's expert and rejecting the valuation of the defendant's expert was supported by the record. In particular, the plaintiff's expert's testimony regarding the impact of changes over time in insurance reimbursement rates supported the court's conclusions. The court appropriately rejected the valuation submitted by the defendant's expert. The defendant's expert admitted that he had very little time to prepare his valuation, was unable to examine data which he agreed would have been relevant to it, and utilized an inferior valuation method (see Braunstein v Braunstein, 132 AD3d 620, 624; see generally Levine v Levine, 37 AD3d 550, 552). Additionally, the court providently exercised its discretion in determining that the defendant, based on indirect contributions, was entitled to a 30% share of the plaintiff's 30% interest in the medical practice (see Sheehan v Sheehan, 161 AD3d 912, 914; Nadasi v Nadel-Nadasi, 153 AD3d 1346, 1349; Sutaria v Sutaria, 123 AD3d 909, 910).
Upon consideration of the relative financial positions and circumstances of the [*3]plaintiff and the defendant, and all other relevant factors, the Supreme Court providently exercised its discretion in declining to award the defendant maintenance (see Domestic Relations Law § 236[B][6][e]; Ostrower v Ostrower, 148 AD3d 819, 820; Heymann v Heymann, 102 AD3d 832, 834).
The defendant's remaining contentions are without merit or improperly raised for the first time in her reply brief.
SCHEINKMAN, P.J., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.

2016-05365 DECISION & ORDER ON MOTION
Jeffrey Oppenheim, respondent, v Ann Oppenheim,
appellant.
(Index No. 598/14)

Motion by the respondent, in effect, to strike certain material on page 17 of the reply brief on an appeal from a judgment of the Supreme Court, Rockland County, entered April 7, 2016, on the ground that the issue raised therein has been rendered academic or is improperly raised for the first time on appeal, and for an award of an attorney's fee and costs. By decision and order on motion of this Court dated October 10, 2017, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
SCHEINKMAN, P.J., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court