■ FRANCISCO DEL VILLAR, Appellant, v RAFAELA DEL VILLAR, Also Known as RAFAELA KAVENAGH, Respondent. [902 NYS2d 43]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered on or about January 20, 2009, which, to the extent appealed from as limited by the briefs, confirmed the report of the Special Referee awarding plaintiff husband the sum of $5,300 as his distributive share of the value of the marital apartment, unanimously modified, on the law and the facts, to

increase plaintiff's distributive share to $53,000, and otherwise affirmed, without costs.

The Domestic Relations Law requires that marital property be distributed equitably "considering the circumstances of the case and of the respective parties" (Domestic Relations Law § 236 [B] [5] [c]), and directs the trial court to consider the statutory factors listed in Domestic Relations Law § 236 (B) (5) (d) (*see generally Holterman v Holterman*, 3 NY3d 1, 7-8 [2004]). Based on the concept that marriage is "an economic partnership" (*Hartog v Hartog*, 85 NY2d 36, 47 [1995]), whose success depends both on direct contributions, such as earnings of an employed spouse, and indirect contributions, such as efforts of a spouse as a primary caretaker of the parties' children, companion and homemaker, there is a presumption that all property acquired by either spouse during the marriage is marital property (*see DeJesus v DeJesus*, 90 NY2d 643, 648 [1997]; *Price v Price*, 69 NY2d 8 [1986]; *see also* Domestic Relations Law § 236 [B] [5] [d] [7]). Still, equitable does not necessarily mean equal (*see Arvantides v Arvantides*, 64 NY2d 1033 [1985]), and an unequal distribution is appropriate when a party has not contributed to the marital asset in question (*see Sade v Sade*, 251 AD2d 646 [1998]).

Considering these principles of law and the factors set forth in Domestic Relations Law § 236 (B) (5) (d), we find that although an unequal distribution of the marital apartment in favor of defendant is appropriate, it was an improvident exercise of discretion to limit plaintiff's distributive share to a mere 1% of its net value of $553,000 (after credits to the wife which are not in dispute). While we are mindful of plaintiff's minimal financial contribution throughout the marriage, including his failure to contribute to the apartment after his 1991 incarceration, the record also establishes that the parties were married in 1979 and lived together as husband and wife for over 10 years, during which time plaintiff performed menial tasks in the various businesses operated by the wife; the parties purchased a one-bedroom apartment in their joint names in 1987 and transferred their interests therein to the two-bedroom apartment purchased in their joint names in 1990 that is the subject of the litigation; the significant increase in the value of that apartment since 1991 was primarily the result of market forces; and plaintiff began paying child support for the parties' son in 1999. Accordingly, we increase plaintiff's distributive share from 1% to 10% and award plaintiff the sum of $55,300.

There is no merit to plaintiff's argument that the Special Referee and the court used the 1989 value of the apartment in

making the equitable distribution award. As both the Special Referee's report and the order make clear, the apartment was valued as of 2005. Concur—Andrias, J.P., Friedman, Catterson, McGuire and Román, JJ.