Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered on or about January 10, 2012, which, to the extent appealed as limited by the briefs, granted plaintiffs motion for pendente lite relief to the extent of ordering defendant to pay $1,500 in interim monthly child support, 35% of the costs of the child’s unreimbursed medical and dental expenses, 100% of the carrying charges on the marital residence, 50% of the cost of a neutral forensic accountant, and $1,500 in plaintiffs interim counsel fees, and denied defendant’s motion to order plaintiff to pay 50% of defendant’s 2010 tax liability or to pay 50% of her 2010 bonus to defendant, and to order plaintiff to provide make-up “parenting” weekends for defendant or to permit defendant to attend the child’s school and extracurricular activities, and limited defendant’s discovery relating to plaintiff’s lease, unanimously modified, on the law, to describe the child’s unreimbursed medical and dental expenses to be paid by defendant as “reasonable,” and otherwise affirmed, without costs.
Defendant failed to substantiate his claim of exigent circumstances warranting a modification of the interim child support award (see Anonymous v Anonymous, 63 AD3d 493, 497 [2009], appeal dismissed 14 NY3d 921 [2010]). Contrary to defendant’s assumption, there is no basis on which to conclude that the court accepted all or any of his factual and numeric assertions. Defendant failed to provide objective evidence of his 2010 income, such as his 2010 tax return; he submitted only documents that he created for purposes of this litigation. However, the record includes the parties’ 2009 joint tax return, which shows defendant’s gross income in 2009 as $243,503, plaintiffs 2010 W-2 statement, and another document created by defendant that indicates that his income in 2010 was $258,539.46. This evidence is a proper basis for the award, which accommodates plaintiffs reasonable needs and defendant’s financial ability, taking into consideration the parties’ pre-separation standard of living (see e.g. Marfilius v Marfilius, 239 AD2d 299 *584 [1997]). The motion court did not err in refusing to order plaintiff to pay 50% of the carrying costs on the marital residence, given the remainder of the pendente lite relief.
The court properly declined to order plaintiff to pay defendant 50% of her 2010 bonus or 50% of his 2010 tax liability. While defendant is correct that his 2010 tax liability constitutes marital debt (see Lekutanaj v Lekutanaj, 234 AD2d 429, 430 [1996]), the court properly reserved the apportionment of that debt for trial.
The court erred in omitting the word “reasonable” from the description of the unreimbursed medical and dental expenses to be paid by defendant (see Domestic Relations Law § 240 [1-b] [c] [5] [v]; Lueker v Lueker, 72 AD3d 655, 659 [2010]).
The court properly awarded plaintiff counsel fees upon consideration of the financial circumstances of the parties and all the circumstances of the case (see Domestic Relations Law § 237; Marren v Marren, 11 AD3d 291 [2004]). Defendant had engaged in extensive motion practice, including motions that had little merit. In responding to each of defendant’s motions, as well as bringing her own, plaintiff incurred counsel fees, while defendant, a trained attorney, represented himself. Defendant’s contention that he is the non-monied spouse is without support in the record.
The court also properly ordered defendant to pay 50% of the cost of the neutral forensic expert (see Domestic Relations Law § 237).
The court properly declined to order plaintiff to provide defendant with three make-up weekends with the child, while encouraging the parties to find additional time for defendant to spend with the child. Defendant concedes that he cancelled the original weekends to work on this litigation. The court also properly declined to order that defendant has the right to attend school and extracurricular activities since defendant never alleged that plaintiff prevented him from doing so.
The court properly limited defendant’s disclosure relating to plaintiffs lease of a new apartment (see CPLR 3103). Concur— Sweeny, J.P., Catterson, Acosta, Freedman and Román, JJ.
Motion to strike portions of brief denied.