■ Vicki Lynn Turbeville, Respondent-Appellant, v Wallace Turbeville, Appellant-Respondent. [32 NYS3d 167]—

Judgment, Supreme Court, New York County (Lancelot B. Hewitt, Special Ref.), entered September 11, 2014, dissolving the parties' marriage, pursuant to an amended order, same court and Special Referee, entered on or about March 3, 2014, which, among other things, awarded plaintiff wife $3,500 per month in maintenance until she turns 68 years old, denied plaintiff attorneys' fees and costs, awarded defendant husband marital debt in the amount of $150,710.50, and awarded plaintiff marital debt in the amount of $27,111, a portrait, and her jewelry business, unanimously modified, on the law and the facts, to the extent of directing that plaintiff pay defendant the amount of $123,599.50 within 90 days of this decision, and that if full payment is not made, defendant is allowed to enter judgment for the unpaid amount in the Supreme Court, and otherwise affirmed, without costs.

The Special Referee had authority to determine the issues of equitable distribution, maintenance, marital debt and counsel fees, since the order of reference and the parties' stipulation allowed him to do so (CPLR 4311, 4317 [a]; *see Batista v Delbaum, Inc.*, 234 AD2d 45, 46 [1st Dept 1996]). Moreover, the parties participated in the trial without disputing the Special

Referee's authority to determine the referred issues (*see Matter of Carlos G. [Bernadette M.]*, 96 AD3d 632, 633 [1st Dept 2012]). The Special Referee did not exceed his authority by considering and determining the issue of capital gains tax on the sale of the marital property, since that issue was relevant to the referred issues of equitable distribution and martial debt (*see e.g. Schorr v Schorr*, 96 AD3d 583, 584 [1st Dept 2012]; *Anonymous v Anonymous*, 222 AD2d 305, 305-306 [1st Dept 1995]).

The Special Referee considered the relevant factors in awarding maintenance, and his award was appropriate (*see* former Domestic Relations Law § 236 [B] [6] [a]; *Cohen v Cohen*, 120 AD3d 1060, 1064 [1st Dept 2014], *lv denied* 24 NY3d 909 [2014]). The Special Referee properly considered and rejected defendant's assertion that he could not obtain meaningful employment because of health reasons. The Special Referee properly concluded, crediting the vocational expert evidence, that defendant had not been diligent in finding a job within his earning capacity of $150,000 to $180,000, and properly relied on that earning capacity in calculating maintenance. The Special Referee considered the overall decline in the parties' finances over time, and did not rely on any lavish predivorce standard of living in awarding maintenance.

Lifetime maintenance of $10,000 per month for plaintiff is not warranted, as the evidence shows that she is capable of future self-support and was gainfully employed during the parties' marriage (*see Michelle S. v Charles S.*, 257 AD2d 405, 407 [1st Dept 1999]). Although plaintiff left her position in the publishing industry to raise the parties' two children, she later started and ran a jewelry business during the marriage.

Based upon the parties' arguments, the Special Referee correctly determined that plaintiff owed defendant 50% of the mortgage and maintenance payments defendant paid to maintain the marital residence, the parties' most significant martial asset, even after plaintiff moved out in July 2009 (*Crowley v Ruderman*, 60 AD3d 556, 556 [1st Dept 2009]; *see Le v Le*, 82 AD3d 845, 846 [2d Dept 2011]). While plaintiff claims that these expenses were attributable in part or whole to defendant's ongoing living expenses, she failed to submit proof of comparable living expenses to prove any allocation of these expenses in such a manner. The Referee also correctly concluded that plaintiff was not responsible for any capital gains tax on the home, as the evidence shows that plaintiff transferred her interest in the marital residence to defendant on April 15, 2011 in exchange for $750,000, and received no sale proceeds when the marital residence was sold in November

2011, before the commencement of the divorce action (see 26 USC § 1041 [a] [1]).

Given the equitable distribution of assets and the award of marital debt for the mortgage and maintenance payments, the Special Referee properly declined to award defendant credit for additional marital debt for relatively minor costs he incurred in storing the parties' property (see Savage v Savage, 155 AD2d 336, 337 [1st Dept 1989]).

The Special Referee correctly awarded defendant $41,000 for plaintiff's share of college tuition costs, and did not overlook an additional $38,000 loan defendant had taken out to pay for tuition. The evidence shows that defendant acknowledged that the loan was paid, as agreed upon, from sale proceeds of the parties' second home. The Special Referee also correctly awarded plaintiff $27,111 in marital debt for household expenses she incurred, which defendant expressly agreed to pay.

The Special Referee properly determined that the relevant statutory factors warranted awarding plaintiff a portrait of the couple, which they jointly obtained as a wedding gift (Domestic Relations Law § 236 [B] [5] [c], [d]; Holterman v Holterman, 3 NY3d 1, 7-8 [2004]; Del Villar v Del Villar, 73 AD3d 651, 652 [1st Dept 2010]). While the parties claim the portrait has value because the artist is prominent, they failed to provide the court with an actual value. In the absence of proof of value, the Referee's in kind distribution of personal property will not be disturbed. Although the jewelry business was clearly a martial asset, there was no expert testimony as to its value. While there was some financial data about the business, it did not serve as a proxy on which the Referee could have reliably valued the asset. The Special Referee's decision not to equitably distribute the asset was, therefore, appropriate (see Kurtz v Kurtz, 1 AD3d 214 [1st Dept 2003]).

We recognize that upon affirming the Referee's allocation of debt, plaintiff owes defendant $123,599.50. The Referee did not provide a mechanism for recoupment, payment or offset of that debt. We therefore modify the Referee's award solely to permit plaintiff a period of 90 days to pay such amount.

The Special Referee considered the parties' financial circumstances and the other circumstances of the case, and providently exercised his discretion in declining to award plaintiff counsel fees and other litigation costs (Domestic Relations Law § 237; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]).

We have considered the parties' other contentions and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.