■ Idamae L. Campbell, Respondent, v Edward A. Campbell, Appellant. [51 NYS3d 506]—

Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered November 30, 2015, after a nonjury trial, which, to the extent appealed from as limited by the briefs, awarded defendant husband 50% of plaintiff wife's pension accumulated between the date of the parties' marriage on August 24, 1973, and the date of their separation on or about January 1, 1978, and denied husband's claims of a burial plot and certain artwork as his separate property, unanimously modified, on the law and facts, to award husband 1% of wife's pension accumulated between the date of their marriage and the commencement of the divorce action on or about May 17, 2013, with the matter remitted to the IAS Court to issue a Qualified Domestic Relations Order consistent with this decision, and otherwise affirmed, without costs.

This case presents a highly unusual and particular set of facts. The parties, who were married on August 24, 1973, lived together as husband and wife for only 52 months, before husband vacated the marital residence in 1978. The parties' minor son remained with wife. For the next 37 years, the parties lived separate and apart, with neither seeking a formal separation. In 2011, wife retired from her job at Lincoln Hospital, where she began working in 1973, the same year as the marriage. She collects $4,241.95 per month in pension benefits, and, apart from her social security benefits, she has no other source of income. In 2013, wife commenced an action for divorce. Wife's pension is the parties' primary marital asset.

The trial court erred in awarding husband 50% of wife's pension accumulated during the time they lived together. Domestic Relations Law § 236 (B) (1) (c) defines marital property as all property acquired "during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action" (*Mesholam v Mesholam*, 11 NY3d 24, 28 [2008]). "Thus, in the absence of a separation agreement, the commencement date of a matrimonial action demarcates 'the termination point for the further accrual of marital property' " (*id.; see also Anglin v Anglin*, 80 NY2d 553, 556 [1992]). The valuation of marital or separate property must be between "the date of commencement of the action [and] the date of trial" (Domestic Relations Law § 236 [B] [4] [b]). Accordingly, wife's pension benefits from the date of marriage to commencement of the divorce action constituted marital property, subject to equitable distribution (*see Majauskas v Majauskas*, 61 NY2d 481, 488-492 [1984]).

However, equitable distribution does not mean equal (*see Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]), and "an unequal distribution is appropriate when a party has not contributed to the marital asset in question" (*Del Villar v Del Villar*, 73 AD3d 651, 652 [1st Dept 2010]). Here, the court found that the wife testified credibly at trial that after the husband moved out of the marital residence on or about January 1, 1978, she and their son received no further economic or non-economic support from him, to which she would have surely been entitled. Given that the value of wife's pension was due almost entirely to her sole efforts, we award husband as his distributive share 1% of the wife's monthly pension benefits. Accordingly, the matter is remitted to the IAS court to issue a Qualified Domestic Relations Order consistent with this decision.

We have considered defendant's remaining contentions and find them unavailing. Concur—Friedman, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ.